**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| CINDY GOLDEN, *individually and on behalf of others similarly situated*, | )<br>)<br>) |
| Plaintiff, | )<br>) CAUSE NO. 1:11-CV-399 |
| v. | )<br>) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## SCHEDULING ORDER CONCERNING THE MOTION TO DISMISS AND DISCOVERY

### I. INTRODUCTION

Plaintiff Cindy Golden brought this putative class action against Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), challenging State Farm's use of its own staff counsel, rather than independent counsel, to defend its policyholders against lawsuits.[1] While the Complaint makes class action allegations (Compl. ¶¶ 30-32), Golden has not yet filed for class certification. State Farm, however, moved to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on December 19, 2011. (Docket # 11.) Now before the Court is the question of whether the Motion to Dismiss should be permitted to go forward before a class certification determination is made. For the following reasons, the Court will allow the precertification Motion to Dismiss to proceed.

---

[1] The Complaint was filed in Allen Superior Court on October 17, 2011 (Docket # 1), and State Farm subsequently removed the case to this Court (Docket # 2). Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(b)(1)(A).

1

## II. DISCUSSION

Although Federal Rule of Civil Procedure 23(c)(1) requires class certification as soon as practicable, this does not mean that the class certification decision must be made before the court addresses the merits of the claim on a dispositive motion, such as a motion to dismiss for failure to state a claim or for summary judgment. *See Cowen v. Bank United of Texas*, 70 F.3d 937, 941-42 (7th Cir. 1995); *Gauder v. Leckrone*, 366 F. Supp. 2d 780, 783 (W.D. Wis. 2005) (noting that "nothing in Rule 23 prevents a court from considering a dispositive motion before inquiring into the propriety of class certification"); *Haehl v. Washington Mut. Bank, F.A.*, 277 F. Supp. 2d 933, 934 n.1 (S.D. Ind. 2003) (stating that "it is not improper for a defendant in a putative class action to seek dismissal or summary judgment—and for the court to grant such a motion—on the ground that plaintiffs' claims lack merit"). Accordingly, "[t]he Seventh Circuit [Court of Appeals] has recognized that, in some circumstances, decisions on dispositive motions may be made prior to the certification issue to determine whether 'the claim of the named plaintiffs lacks merit.'" *Smith v. Short Term Loans*, No. 99 C 1288, 2001 WL 127303, at *4 (N.D. Ill. Feb. 14, 2001) (quoting *Cowen*, 70 F.3d at 941); *see also Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008) ("Which is not to say that the district judge may never dismiss a case on summary judgment without first ruling on the plaintiff's motion to certify a class."); *Haehl*, 277 F. Supp. 2d at 934 n.1 (dismissing a putative class action under 12(b)(6) before addressing class certification); *Allen v. Aronson Furniture Co.*, 971 F. Supp. 1259, 1261 (N.D. Ill. 1997) (ruling on a summary judgment motion before addressing class certification where the plaintiff's claims were without merit).

Ordinarily, a decision that a named plaintiff's claim lacks merit disqualifies that plaintiff

as a proper class representative, which has the effect of mooting the question of class certification unless the lawyers for the class manage to find another representative. *Cowen*, 70 F.3d at 941. At the same time, if a case is dismissed before the class certification question is ruled on, dismissal against the named plaintiff will not have a preclusive effect against other members of the class. *See Roberts v. Am. Airlines, Inc.*, 526 F.2d 757, 762-63 (7th Cir. 1975).

In deciding to rule on a dispositive motion before class certification is determined, courts have considered the expense involved in class actions, *see Cowen*, 70 F.3d at 941, and judicial economy, *Smith*, 2001 WL 127303, at *4. Furthermore, "as the Sixth Circuit observed, 'to require notice to be sent to all potential plaintiffs in a class action when the underlying claim is without merit is to promote inefficiency for its own sake.'" *Allen*, 971 F. Supp. at 1261 (quoting *Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984)). The Seventh Circuit has found that this strategy of filing dispositive motions before a suit is certified as a class action is not improper, stating that this "recognized tactic" was "[o]ne way to try to knock [a potential class action] off at low cost." *Cowen*, 70 F.3d at 941.

Here, Golden has not yet filed a motion for class certification. On the other hand, State Farm has filed a motion to dismiss, a dispositive motion which, if permitted to go forward, could dispose of Golden's claim, thereby saving the expense involved in a class action and promoting the interests of judicial economy by preventing the expenditure of judicial resources into a claim that may lack merit. These concerns of expense, judicial economy, and inefficiency are properly considered when deciding to address a dispositive motion before certification. *See Cowen*, 70 F.3d at 941; *Smith*, 2001 WL 127303, at *4; *Allen*, 971 F. Supp. at 1261. Moreover, courts have ruled on motions for summary judgment before class certification determinations, *Cowen*, 70

F.3d at 941; *Smith*, 2001 WL 127303, at *4; *Allen*, 971 F. Supp. at 1261, which is a motion that occurs significantly later in the life of the case than a motion to dismiss filed only two months after the Complaint was brought, as State Farm's motion here was. Directly on point with the instant case, in *Haehl*, the defendants moved for dismissal under 12(b)(6), and, after specifically noting that it was not improper for the defendant to bring, and the court to grant, such a motion to dismiss, the court dismissed the complaint before, and without, addressing class certification. 277 F. Supp. 2d at 934 n.1, 943. Therefore, in this case, where State Farm is challenging the sufficiency of the Complaint and the merits of Golden's claims, it is proper to permit the Motion to Dismiss to go forward and to rule on it, before addressing the issue of class certification, especially when a motion for class certification has not even been filed.

Of course, there are trade-offs to this outcome; for instance, if the Court grants the Motion to Dismiss, plaintiff's counsel could feasibly find another class representative because, by moving for precertification dismissal, State Farm loses the preclusive effect that a dismissal after class certification could have brought. Regardless, moving for an early disposition, before certification, was not an improper tactic, *see Cowen*, 70 F.3d at 941, and the Court, in its discretion, will allow the Motion to Dismiss to go forward.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that State Farm's Motion to Dismiss (Docket # 11) will brief out in accordance with Local Rule 7-1. As regards discovery, the self-operating discovery that the parties have identified in their Report of the Parties' Planning Meeting (Docket # 13), including initial disclosures, will go forward as laid out in that Report. The parties may conduct agreed upon informal discovery to address class issues, and either party

4

may seek to be relieved of this Order to the extent they wish to do formal discovery that cannot be agreed upon.

SO ORDERED.

Entered this 5th day of January, 2012.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge