UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CINDY GOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11 CV 399 |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

# OPINION and ORDER

## I. BACKGROUND

Plaintiff asserts that some time before April 24, 2009, she purchased an auto insurance policy from defendant. (DE # 1 ¶ 4.) In the policy, defendant promised to pay "attorneys fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages." (DE # 11-1 at 10; Policy at 6, emphasis in original.) The policy also stated that defendant had "the right to: . . . defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*." (*Id.*, emphasis in original.)

In October of 2009, a lawsuit was filed against plaintiff following an auto accident involving plaintiff. (*Id.* ¶ 26.) Defendant's staff counsel entered an appearance in the lawsuit as counsel for plaintiff, and defended plaintiff in the suit. (*Id.* ¶¶ 26, 29.) Plaintiff admits that the staff counsel appropriately advised her of his status as an employee of defendant. (*Id.* ¶ 28.) Following a bench trial, judgment was entered against plaintiff. (*Id.* ¶ 29.)

Plaintiff objects to defendant's use of staff counsel to defend its policyholders, rather than "private, independent attorneys." (*Id.* ¶¶ 9-10.) Plaintiff claims that defendant owes a duty to its insureds to reveal the possibility that defendant-employed attorneys might be used to defend them in lawsuits. (*Id.* ¶¶ 11-12.) Plaintiff sued defendant for breach of this duty, breach of the duty of good faith and fair dealing, and unjust enrichment. (DE # 1.)

Defendant moved to dismiss the complaint under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), arguing that it owed plaintiff no duty to disclose the possibility that staff counsel might represent her in litigation. (DE # 11.) In addition to responding to the motion, plaintiff also filed a motion to certify this question of law to the Indiana Supreme Court. (DE # 28.) Both motions are fully briefed and ripe for ruling.

## II.    LEGAL STANDARD

Defendant has moved to dismiss plaintiff's claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). When evaluating the sufficiency of a complaint, the court must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Reger Development, LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010).

## III. DISCUSSION

Defendant argues that it owed plaintiff no duty under Indiana law to disclose the possibility that staff counsel might represent her in litigation. Plaintiff counters that the Indiana Supreme Court explicitly permits aggrieved insureds to file suit against insurers for failing to properly disclose the possibility that staff attorneys will be used to defend them.

Both parties rely almost exclusively on one paragraph of one opinion of the Indiana Supreme Court, *Cincinnati Ins. Co. v. Wills,* 717 N.E.2d 151 (1999). In *Wills,* the Indiana Supreme Court determined that insurers do not engage in the unauthorized practice of law when they employ staff attorneys to represent insureds. *Id.* at 160. The court further held that using staff attorneys to represent insureds does not create a conflict of interest. *Id.* at 161-63.

In a relatively short paragraph, the court also addressed the third-party claimants' contention that they were not given notice that staff counsel might represent the insured rather than an outside attorney. *Id.* at 155-56. The court ultimately declined

3

to rule on the issue, because the insured himself had not even complained about the issue. *Id.* at 156. However, the court did comment that "[a]s a general proposition, adequate disclosure is a matter in the first instance properly addressed through administrative regulation. The insurance commissioner [of the Indiana Department of Insurance] may choose to require more explicit notice to the insured at the time the policy is taken out that 'counsel of our choice' could or will include house counsel. And a policyholder aggrieved by nondisclosure of this arrangement at the time of issuance is free to assert whatever claim is thought to arise from that circumstance." *Id.*

It is this court's task, sitting in diversity, to predict how the Indiana Supreme Court would decide the issue presented by defendant in its motion to dismiss. *Lexington Ins. Co. v. Rugg & Knopp, Inc.,* 165 F.3d 1087, 1090 (7th Cir. 1999). It is important to note that because the *Wills* court did not actually rule on the issue of disclosure, all of the court's comments on this issue are merely dicta. Nonetheless, to the extent that they can guide the court in determining how the Indiana Supreme Court would actually rule on the issue, they are valuable comments.

The court agrees with defendant that current Indiana law does not require insurers to disclose to insureds that the insurer's choice of counsel may be staff counsel. The *Wills* court suggests this by explaining that the insurance commissioner might consider this issue and some day impose such a duty. For now, however, no such duty exists. To read *Wills* any other way would be to strain the text of the opinion beyond reason. The *Wills* court clearly placed the responsibility for articulating a duty of

disclosure in the hands of the insurance commissioner, and plaintiff does not dispute that no such duty has yet been set forth by the Indiana Department of Insurance.

Plaintiff complains that defendant had a "special" duty of disclosure in this instance, but this argument is without merit. If some type of special relationship existed between plaintiff and her insurance agent, then perhaps some duty to advise could be inferred. *Filip v. Block,* 879 N.E.2d 1076, 1085 (Ind. 2008). But defendant was not her insurance agent, and even if it could be so considered, "something more than the standard insurer-insured relationship is required to create a special relationship obligating the agent to advise the insured about coverage." *Myers v. Yoder,* 921 N.E.2d 880, 885 (Ind. Ct. App. 2010).

Plaintiff's argument that the Wills court explicitly permits aggrieved insureds to file suit against insured for failing to properly disclose possible use of staff attorneys also does not get plaintiff very far. Even if plaintiff is correct (and this court does not find that she is), the ability to file a law suit is not the same as guaranteed success in the lawsuit.

Finally, plaintiff's request to certify this question to the Indiana Supreme Court is denied. The Seventh Circuit advises that federal courts should not shy away from deciding issues of state law. *Diginet, Inc. v. Western Union ATS, Inc.,* 958 F.2d 1388, 1395 (7th Cir. 1992) ("Some federal judges are timid about deciding issues of state law, because they fear that by doing so they will confuse that law. The fear is groundless."); *Erie Ins. Group v. Sear Corp.,* 102 F.3d 889, 892 (7th Cir. 1996) (holding that absence of state supreme court precedent did not justify certification of a question to that state's

supreme court where the court could forge a holding out of general principles of contract interpretation and other persuasive caselaw). This court is not "genuinely uncertain" about the issue presented, nor does it present a "matter of vital public concern," either of which might convince this court to certify the question to the Indiana Supreme Court. *Craig v. FedEx Ground Package Syst., Inc.*, 686 F.3d 423, 429-30 (7th Cir. 2012).

In sum, defendant had no duty to disclose to plaintiff the possibility that staff counsel might be employed to defend her in lawsuits related to her auto insurance policy. Each of plaintiff's claims necessarily depended on the existence of such a duty. Accordingly, plaintiff fails to state any claim in her complaint, and defendant's RULE 12(b)(6) motion is granted.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 11) is **GRANTED.** Plaintiff's motion to certify questions of state law (DE # 28) is **DENIED.** There being no claims remaining against any defendant in this case, the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendant State Farm Mutual Automobile Insurance Company, and against plaintiff Cindy Golden, who shall take nothing by way of her complaint.

**SO ORDERED.**

Date: November 29, 2012

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT